**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **LISA COPPERSMITH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-1807** |
| **JOHN DOE, ET AL.** | **SECTION "O"** |

## ORDER AND REASONS

Before the Court in this tort case removed based on diversity jurisdiction is the motion[1] of Plaintiff Lisa Coppersmith to remand for lack of complete diversity. Coppersmith slipped and fell on wet tile while exiting a Chalmette, Louisiana Walmart store during a rainstorm. Claiming damages for her injuries, she brought a state-court suit against Wal-Mart Louisiana, LLC, a Delaware and Arkansas citizen. Coppersmith later amended her petition to include two Louisiana-citizen Walmart employees—Raymond Carey and Alexis Bazinet—as defendants. Walmart removed the case and urged the Court to disregard the Louisiana citizenship of the two employees because Coppersmith improperly joined them. Coppersmith now moves to remand, contending complete diversity is lacking. It is. Walmart fails to carry its heavy burden of showing that Coppersmith has no possibility of recovery against Carey in state court. Carey is therefore properly joined, and the Court cannot disregard his Louisiana citizenship. Because Coppersmith and Carey are both Louisiana citizens, complete diversity is lacking, and the Court is without subject-matter jurisdiction. Accordingly, for these reasons and those that follow, the motion is **GRANTED**.

---

[1] ECF No. 6.

## I.    BACKGROUND

This tort case arises from injuries Lisa Coppersmith suffered while exiting a Walmart store on West St. Bernard Highway in Chalmette, Louisiana on July 28, 2024.[2] Coppersmith alleges that it was raining heavily that day and that, as she "attempted to exit the store, she passed over a non-slip floor mat place[d] some distance away from the threshold to the exterior cement walkway."[3] The mat, she alleges, was "improperly place[d] such that there was several feet of wet tile exposed," and she slipped on that exposed tile.[4]

Coppersmith filed suit in the 34th Judicial District Court for the Parish of St. Bernard on January 28, 2025.[5] Her original petition named Wal-Mart Louisiana, LLC and two placeholder defendants, "John Doe" and "Max Doe," she alleged were Walmart employees and Louisiana citizens.[6] After the parties exchanged discovery, the state court granted Coppersmith leave to amend her petition.[7] Her amended petition added two Walmart employees—Raymond Carey and Alexis Bazinet—as defendants.[8] Coppersmith is a Louisiana citizen.[9] Wal-Mart Louisiana, LLC is a

---

[2] ECF No. 1-5 at 4–6 ¶¶ 2, 6.

[3] *Id.* at 5–6 ¶¶ 3, 6.

[4] *Id.* at 5–6 ¶ 6.

[5] ECF No. 1-2 at 1.

[6] *Id.* ¶ 1. On removal, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). The Court therefore disregards the citizenship of the Doe defendants.

[7] ECF No. 1-6.

[8] ECF No. 1-5 at 1, 4–9.

[9] *Id.* at 4. An individual is a citizen of the State of her domicile. *See Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797–98 (5th Cir. 2007).

citizen of Delaware and Arkansas.[10] Carey and Bazinet are Louisiana citizens.[11] Because the motion to remand turns on whether the two nondiverse employees are improperly joined, the Court focuses on the claims Coppersmith pleads against them.

Coppersmith alleges that Carey was a Walmart employee "tasked with taking specific precautionary measures with respect to potential slippery surfaces resulting from the rain event."[12] She alleges that Bazinet was the "Assistant Manager / Front End Coach" tasked with "overseeing" Carey and with "independently verifying that precautionary measures had been adequately taken regarding any potential slippery surfaces resulting from the rain event."[13] Coppersmith alleges that the accident was caused "solely through the fault" of Carey or Bazinet for three "non-exclusive" reasons: (1) "[f]ailing to properly place the floor mat so as to provide a non-slippery transition between the interior of the store and the exterior of the store;" (2) "[f]ailing to properly put visitors on notice of the danger created by having a substantial gap of smooth tile between the floor mat and the exterior cement;" and (3) "[o]ther acts of negligence to be proven at the trial of this matter."[14]

---

[10] Because Wal-Mart Louisiana, LLC is a limited liability company, its citizenship is determined by the citizenship of its members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Its sole member is Wal-Mart Stores East, LP, whose partners' citizenship traces through WSE Management, LLC and WSE Investment, LLC to Wal-Mart Stores East, Inc. and, ultimately, to Walmart Inc., which is incorporated in Delaware and has its principal place of business in Arkansas. Wal-Mart Louisiana, LLC is therefore a citizen of Delaware and Arkansas. ECF No. 5 at 2.

[11] ECF No. 1 ¶¶ 15, 18; ECF No. 1-5 at 4 ¶ 1.

[12] ECF No. 1-5 at 5 ¶ 4.

[13] *Id.* ¶ 5.

[14] *Id.* at 6 ¶¶ 7–8.

Walmart removed the case to this Court on September 3, 2025, invoking diversity jurisdiction.[15] In its Notice of Removal, it urged the Court to ignore the Louisiana citizenship of Carey and Bazinet on the ground that Coppersmith improperly joined them, and it asserted that the amount in controversy exceeds $75,000 based on medical records reflecting spinal injections and further recommended procedures.[16] Coppersmith now moves to remand.[17] Walmart opposes.[18]

## II.    ANALYSIS

Coppersmith contends that the Court must remand this case to state court because complete diversity is lacking as she is a Louisiana citizen, and the two Walmart employees are also Louisiana citizens. Walmart responds that the Court should ignore the Louisiana citizenship of the two nondiverse employees because Coppersmith improperly joined them. The Court disagrees.

Walmart may remove a case from state court to this Court if this Court would have original jurisdiction. *See* 28 U.S.C. § 1441(a). As the removing party, it "bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citations omitted). "The removal statute is strictly construed, with doubts 'resolved in favor of remand.'" *Pace v. Cirrus Design Corp.*, 93 F.4th 879, 888–89 (5th Cir. 2024) (quoting *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008)); *see also Hain Celestial*

---

[15] ECF No. 1 ¶ 1.
[16] *Id.* ¶¶ 10–11, 16–20.
[17] ECF No. 6.
[18] ECF No. 11.

*Grp., Inc. v. Palmquist*, 607 U.S. 421, 424 (2026) ("Federal courts are courts of limited jurisdiction and generally can resolve only the cases that Congress grants them power to hear.").

The asserted basis for original jurisdiction is diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1). The Court has diversity jurisdiction over "all civil actions" that are between "citizens of different States" and "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs[.]" *Id.* Because this case was removed based solely on diversity jurisdiction, the removal is also subject to 28 U.S.C. § 1441(b)(2), "otherwise known as the 'forum-defendant rule.'" *In re Levy*, 52 F.4th 244, 246 (5th Cir. 2022). Under that rule, a case "otherwise removable solely on the basis" of diversity jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Accordingly, to support removal and to avoid remand here, Walmart must show that "there is complete diversity between all named parties, 'and no defendant is a citizen of the forum State,'" Louisiana. *Pace*, 93 F.4th at 889 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005)).

Both the complete-diversity requirement and the forum-defendant rule turn on the same question: whether the nondiverse, forum-citizen defendants, Carey and Bazinet, are improperly joined. If they are, the Court can "disregard" their Louisiana citizenship in its jurisdictional analysis. *See Williams v. Homeland Ins. Co. of N.Y.*, 18 F.4th 806, 812 (5th Cir. 2021) (citing *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th

Cir. 2016) (en banc)). There are "two ways to establish improper joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)).[19] Only the second way is at issue here.

Walmart's burden is a "heavy" one. *Id.* at 574. Under the second way, it must demonstrate "that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* at 573. That no-possibility-of-recovery analysis "is virtually identical to the inquiry on a motion to dismiss for failure to state a claim: 'Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder.'" *Id.* (quoting *Flagg*, 819 F.3d at 136). Conversely, if a plaintiff "has not stated a claim for relief against" the nondiverse defendant under Rule 12(b)(6), "then [that defendant was] improperly joined[,] and [the Court] may disregard [their] citizenship." *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 183 (5th Cir. 2018) (citation omitted). "When analyzing whether the proponent of jurisdiction has established improper joinder," the Court "examine[s] all factual allegations and ambiguities of state law in the light most favorable to the party resisting jurisdiction." *Williams*, 18 F.4th at 811 (citing *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007)). "[T]he motive or

---

[19] The Fifth Circuit has "occasionally referred to improper joinder as 'fraudulent joinder.'" *Williams*, 18 F.4th at 812 (quoting *Smallwood*, 385 F.3d at 571 n.1). "Although there is no substantive difference between the two terms, 'improper joinder' is preferred" because it is "more consistent with the statutory language." *Smallwood*, 385 F.3d at 571 n.1.

purpose of the joinder of in-state defendants is not relevant" to the Court's analysis. *Smallwood*, 385 F.3d at 574.

The Court evaluates the removed state-court petition under the federal pleading standard. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp. Ltd.*, 818 F.3d 193, 207–09 (5th Cir. 2016). That means the petition "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Although '[the Court] accept[s] all well-pled facts as true, construing all reasonable inferences in the [petition] in the light most favorable to [Coppersmith], conclusory allegations, unwarranted factual inferences, or legal conclusions are not accepted as true.'" *Hodge v. Engleman*, 90 F.4th 840, 843 (5th Cir. 2024) (quoting *Allen v. Hays*, 65 F.4th 736, 743 (5th Cir. 2023)).

Applying these standards, the Court concludes that Walmart has failed to show that Coppersmith has "no reasonable basis" for recovery under Louisiana law[20] as to Carey. *Int'l Energy Ventures Mgmt.,* 818 F.3d at 200 (quoting *Smallwood*, 385 F.3d at 573). The Court evaluates her negligence claims under *Canter v. Koehring Co.*, which supplies the framework for assessing the tort liability of an employee for

---

[20] The parties agree that Louisiana substantive law governs the question whether Coppersmith has stated a negligence claim. *Compare* ECF No. 6-1 at 7–10 (Coppersmith analyzing her claim under Louisiana law) *with* ECF No. 11 at 8–12 (Walmart doing the same).

an injury to a third party arising from the employee's breach of an employment-related duty. *See* 283 So. 2d 716, 721 (La. 1973), *superseded on other grounds by statute*, LA. STAT. ANN. § 23:1032 (1998). Under *Canter*, an employee can be personally liable to a third person when these "four elements" are met:

- First, the employer must owe a duty of care to the plaintiff, the breach of which caused the injury at issue.
- Second, the employer must have delegated that duty to the employee at issue.
- Third, the employee at issue must have breached the duty through his own personal fault.
- And fourth, the employee's breach must have been more than a simple breach of a 'general administrative responsibility,' but must instead stem from the breach of a duty the employee owed the plaintiff personally that was not properly delegated to another employee.

*Rolls ex rel. A.R. v. Packaging Corp. of Am.*, 34 F.4th 431, 437–38 (5th Cir. 2022) (brackets omitted) (quoting *Canter*, 283 So. 2d at 721). A plaintiff "fails to meet *Canter*'s high bar" if she "does little more than parse employee job descriptions to lay a veneer of specificity over what are, in essence, generalized claims that the employee-defendant failed to prevent the accident." *Id.* at 438 (quotation omitted). Conclusory allegations that an employee had actual knowledge of a dangerous condition, unsupported by facts, likewise do not state a *Canter* claim. *See Miciotto v. Hobby Lobby Stores, Inc.*, No. 21-30456, 2022 WL 3210686, at *3 (5th Cir. Aug. 9, 2022) (per curiam).

8

As alleged,[21] "[o]n th[e] day" of the accident, Carey was a Walmart employee "tasked with taking specific precautionary measures with respect to potential slippery surfaces resulting from the rain event."[22] The precaution at issue was a non-slip floor mat, and that mat "was improperly place[d] such that there was several feet of wet tile exposed by the improper placement of the mat."[23] Coppersmith "slipped on the exposed tile that was wet from water being tracked in by other visitors and/or rain dripping from the roof."[24] Her accident and resulting injuries were caused by Carey's "[f]ail[ure] to properly place the floor mat so as to provide a non-slippery transition between the interior of the store and the exterior of the store[.]"[25]

Those allegations, while thin, plausibly state a *Canter* claim against Carey under a "Rule 12(b)(6)-type analysis." *Int'l Energy Ventures Mgmt.,* 818 F.3d at 209. With respect to *Canter*'s first and second elements, "Wal–Mart, as a merchant, owes its patrons a duty to exercise reasonable care to keep its floors in a reasonably safe condition, ensuring that the premises are free of hazardous conditions which might reasonably cause damage." *Powell v. Wal-Mart Louisiana, LLC*, No. 1:08-CV-

---

[21] Both sides tender material outside the pleadings. Coppersmith relies on store surveillance video, excerpts of Walmart's inclement-weather policies, Walmart's discovery responses, and the incident report. ECF No. 6-1 at 3–4, 8–10. Walmart submits the witness statements of Carey and Bazinet. ECF No. 11 at 3, 9. The Court considers none of it. Walmart itself "avers that this Court should conduct a Rule 12(b)(6) type" analysis, *id.* at 6, and a summary inquiry would be inappropriate here in any event. Piercing the pleadings serves "only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery," *Smallwood*, 385 F.3d at 573–74, and Walmart identifies no such fact. Accordingly, the Court evaluates only the allegations of the operative First Supplemental and Amended Petition, read "in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983) (citation omitted).

[22] ECF No. 1-5 at 5 ¶ 4.

[23] *Id.* at 5–6 ¶ 6.

[24] *Id.*

[25] *Id.* at 6 ¶ 7.

1689, 2009 WL 2713203, at *2 (W.D. La. Aug. 25, 2009) (citing LA. REV. STAT. ANN. § 9:2800.6). And Walmart delegated to Carey the duty to take "specific precautionary measures" directed at one hazard—the slippery surfaces the "rain event" created "[o]n that day"—and Coppersmith identifies the precaution at issue as the proper placement of the floor mat. *Cf. Lundy v. ACE Am. Ins. Co.*, 674 F. Supp. 3d 326, 335 (M.D. La. 2023), *as amended* (Aug. 11, 2023) (finding allegation that employee was "the manager on duty and/or employee who was responsible for the facility" failed to "identify any specific duties of care owed to plaintiff that were delegated by the [employer] to [the employee] with respect to the maintenance and safety of the premises").

*Canter*'s third element, breach through personal fault, follows from the same allegations. Under *Canter*, a breach "occurs when the defendant has failed to discharge the obligation with the degree of care required by ordinary prudence under the same or similar circumstances," including by "malfeasance, misfeasance, or nonfeasance." 283 So. 2d at 721. The amended petition alleges that the assigned precaution failed in a specific way—the mat sat "some distance away from the threshold," leaving several feet of wet tile exposed, and Coppersmith slipped on the exposed tile.[26] It then attributes the accident to Carey's fault in "[f]ailing to properly place the floor mat so as to provide a non-slippery transition."[27] Whether Coppersmith

---

[26] *Id.* at 5–6 ¶ 6.

[27] *Id.* at 6 ¶ 7. Walmart rejoins that Coppersmith "does not argue that she tripped or slipped on the rug" but on a liquid substance, and that no employee is alleged to have created or known of that condition. ECF No. 11 at 11–12. Coppersmith alleges the opposite of the premise. The dangerous condition was the "substantial gap of smooth tile" left exposed by the misplaced mat, and Coppersmith "slipped on the exposed tile." ECF No. 1-5 at 5–6 ¶ 6. The Court accepts that allegation as true.

alleges that Carey positioned the mat poorly, failed to place it, or failed to correct its misplacement is of no moment. Any reading alleges that Carey failed to discharge *his own assigned task* with ordinary care. That is personal fault, not the "technical or vicarious" fault *Canter* excludes, because the duty allegedly breached was Carey's to perform. *Id.*

Finally, *Canter*'s fourth element poses no obstacle. The amended petition does not seek to hold Carey liable "simply because of his general administrative responsibility for performance of some function of the employment." *Canter*, 283 So. 2d at 721. Carey is not alleged to be a manager, and the pleaded duty is not a portfolio-wide obligation to inspect, maintain, supervise, or train. It is one discrete precaution, directed at one hazard, owed to the patrons walking the store's entryway where the hazard was most acute. *Cf. Molaison v. W. Bros. of Thibodaux, Louisiana*, 338 So. 2d 726, 729–30 (La. Ct. App. 1976) ("Because of the many patrons and sho[p]ping carts which pass through the doorway and across the mat daily, the probability that the subject mat would become dislodged and create a hazard to the patrons of this store was great."). A duty of that character is "a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages." *Canter*, 283 So. 2d at 721.

This conclusion respects, rather than departs from, the substantial body of decisions finding store employees improperly joined on which Walmart relies.[28] Those

---

[28] *See, e.g.*, *Tudbury v. Galloway*, No. 91-1719, 1991 WL 112013, at *1 (E.D. La. June 14, 1991) (store manager improperly joined where petition did not allege he "caused the spill or saw the spill and neglected to clean it, but that there was a foreign substance on the floor and that K–Mart, as a merchant, had a duty to keep the aisles and passageways clear," which pleaded only "breaches of his

11

cases police the generality of the pleaded duty. In each, the plaintiff sued a manager, or an employee described only in managerial terms, over generalized inspect-maintain-supervise responsibilities or conclusory knowledge allegations, without pleading that the employer had assigned the defendant the specific precaution at issue. In that setting, allegations of the employee's actual knowledge matter because knowledge is what converts a general responsibility into a personal duty toward the plaintiff. *See Canter*, 283 So. 2d at 721 (a defendant whose "general responsibility has been delegated . . . to some responsible subordinate" is liable only if he "personally knows or personally should know of its non-performance"). Here, Carey is not alleged to have supervised the placement of the mat, to have been responsible for inspecting the entryway generally, or to have delegated the task to anyone. The petition instead alleges that Walmart assigned Carey the very precaution that failed, and that his failure to discharge it caused Coppersmith's injury.

That distinction is illustrated by *Bradley v. Wal-Mart Stores, Inc.*, No. 16-3249, 2016 WL 3180644 (E.D. La. June 8, 2016). There, allegations that an assistant manager was "responsible for making sure" store carts worked properly failed under

---

general administrative duties to inspect"); *Brady v. Wal-Mart Stores, Inc.*, 907 F. Supp. 958, 960 (M.D. La. 1995) (store manager improperly joined where petition did not allege "he was the employee who stacked the boxes improperly or who personally caused the accident"); *Gautreau v. Lowe's Home Ctr., Inc.*, No. 12-630, 2012 WL 7165280, at *4 (M.D. La. Dec. 19, 2012) (general manager improperly joined where petition "failed to alleged any facts that demonstrate defendant [employee] had any personal involvement in the construction of the display or that he individually performed any action which caused the accident"); *Rushing v. Wal-Mart Stores, Inc.*, No. 15-269, 2015 WL 1565064, at *4 (E.D. La. Apr. 8, 2015) (store manager improperly joined where petition "generically allege[d]" that the manager "failed to supervise and to provide proper training and instructions to Wal–Mart's employees" and did not allege the manager "knew of or actively contributed to any alleged unsafe conditions"); *Martin v. Winn Dixie Montgomery, LLC*, No. 15-5770, 2016 WL 952258, at *3 (E.D. La. Mar. 14, 2016) (store manager improperly joined where petition made "bald assertion" of knowledge).

*Canter*, but allegations that a line employee personally provided and secured the specific cart that injured the plaintiff stated a possible claim, defeating improper joinder and requiring remand. *Id.* Admittedly, Coppersmith's allegations against Carey are not as detailed as those against the employee in *Bradley*. But her allegations nevertheless place Carey on the *Bradley*-employee side of the line: a rank-and-file worker tied by specific factual allegations to the discrete precaution that failed.

*    *    *

In sum, the Court finds that Walmart has failed to meet its heavy burden to show that there is no reasonable basis to predict that Coppersmith might recover against Carey in Louisiana state court. *See Smallwood*, 385 F.3d at 573. Carey is therefore properly joined, and the Court cannot disregard his Louisiana citizenship. *See Williams*, 18 F.4th at 812. Coppersmith and Carey are both Louisiana citizens. Complete diversity is therefore lacking, and the Court is without subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1).[29] Remand is required. *See* 28 U.S.C. § 1447(c).

---

[29] Because the Court lacks subject-matter jurisdiction, it does not reach whether Bazinet was improperly joined, whether the amount in controversy is met, or whether the removal was timely.

## III.   CONCLUSION

Accordingly,

**IT IS ORDERED** that the motion[30] to remand is **GRANTED**. This case is

**REMANDED** to the 34th Judicial District Court for the Parish of St. Bernard for

further proceedings.

New Orleans, Louisiana, this 24th day of July, 2026.

_____
BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[30] ECF No. 6.

14